IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| VICTORIA DOUGLAS, | ) | Civil No. 05-6012-JE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| JO ANNE B. BARNHART, | ) | |
| | ) | |
| Defendant. | ) | |

Mark Manning
Cram, Harder, Wells & Baron, P.C.
474 Willamette, Suite 200
Eugene, OR 97401
    Attorney for Plaintiff

Karin J. Immergut
U.S. Attorney
Neil J. Evans
Asst. U.S. Attorney
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204-2902

FINDINGS AND RECOMMENDATION - 1

      David M. Blume
      Special Asst. U.S. Attorney
      Social Security Administration
      701 5th Avenue, Suite 2900 M/S 901
      Seattle, WA 98104-7075
          Attorneys for Defendant

JELDERKS, Magistrate Judge:

Plaintiff Victoria Douglas brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) disability benefits under Title II and XVI of the Social Security Act, 42 U.S.C. §§ 401-43, 1381-83f. This action should be remanded for further consideration.

## Procedural Background

Plaintiff filed applications for DIB and SSI on November 20, 2001, alleging that she had been disabled since December 10, 2000, because of bunions, anxiety, severe depression, fear of going outside, difficulty eating, and residual pain and stiffness caused by a burn injury to her hand. Plaintiff's applications were denied initially on June 3, 2002, and were denied on reconsideration on December 9, 2002.

Based upon plaintiff's timely request, a hearing was held before Administrative Law Judge (ALJ) Laura Havens on

August 10, 2004. Plaintiff and Ms. Francene Geers, a Vocational Expert (VE), testified at the hearing.

In a decision filed on October 20, 2004, the ALJ found that plaintiff was not disabled within the meaning of the Social Security Act. That decision became the final decision of the Commissioner on December 9, 2004, when the Appeals Council denied plaintiff's request for review. In the present action, plaintiff appeals from that decision.

Factual Background and Medical Evidence

Plaintiff was born July 3, 1946, and was 54 years old when the ALJ issued her decision. Plaintiff has a 10th Grade education, and has past relevant work experience as a fast food worker, motel maid, dishwasher, cashier, and data entry clerk. She last worked in May 2001.

The parties' disagreement as to the correctness of the ALJ's decision centers on the findings concerning plaintiff's capacity for lifting, and on the question whether an impairment of plaintiff's right hand prevents plaintiff from performing her past work as a data entry clerk. Accordingly, my review of the medical evidence below is limited to the relevant records of plaintiff's treating physician, an examining physician, and a non-examining physician, which the parties have cited in their memoranda.

David Oelke, M.D., treated plaintiff from November 1999 through June 2002. In a Residual Function Capacity Report he completed on January 7, 2002, Dr. Oelke opined that plaintiff could occasionally lift 10 pounds, could stand/walk for six hours in an eight-hour day, and could sit for six hours in an eight-hour day. He also opined that plaintiff could frequently climb, stoop, kneel, crouch, crawl, reach in all directions, perform gross and fine manipulations, and feel. Dr. Oelke noted that plaintiff had an injury to her right hand. He indicated that the injury was permanent, and opined that plaintiff's prognosis was "good."

Dr. L. Bufton, an examining physician, performed an orthopedic evaluation of plaintiff on April 3, 2002. Dr. Bufton reported that plaintiff had burned her right hand at age 28, and that she "has very little use of this hand for gripping." He stated that plaintiff "can hold things balanced on her palm but can't carry something like a glass of liquid." Dr. Bufton added that plaintiff had undergone one surgery on her hand "and was told she needed several others which she never got." He noted that plaintiff could not abduct or extend her right thumb, and observed that plaintiff "had swan like deformities of the right 2nd through 4th fingertips with hyperextension of the PIP's and flexion of the DIP's." He added that these "deformities were actually due to abusive trauma rather than burn." Dr. Bufton observed that

FINDINGS AND RECOMMENDATION - 4

plaintiff's fine finger movements on the right side were impaired, and that, though plaintiff could unscrew a water bottle with her right hand, "it was very awkward." Plaintiff "could not twirl a quarter in her right hand." Dr. Bufton concluded that plaintiff had "decreased use of her right hand secondary to obvious deformity limiting fine finger coordination."

In an assessment completed on May 21, 2002, a non-examining physician opined that plaintiff could lift twenty pounds occasionally, and could lift ten pounds frequently. The physician opined that plaintiff could sit for six hours in an eight-hour day, and could stand/walk for six hours in an eight-hour day. The non-examining physician indicated that plaintiff would be limited to occasional balancing and stooping, and would have limitations in gross and fine manipulation with her right hand. He added that plaintiff could perform occasional grasping, gripping, writing, sorting, and tool use on her right, secondary to burns and residual scars.

## Disability Analysis

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. Below is a summary

of the five steps, which also are described in <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

<u>Step One</u>.  The Commissioner determines whether the claimant is engaged in substantial gainful activity (SGA).  A claimant engaged in such activity is not disabled.  If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two.  20 C.F.R. § 404.1520(b).

<u>Step Two</u>.  The Commissioner determines whether the claimant has one or more severe impairments.  A claimant who does not have such an impairment is not disabled.  If the claimant has a severe impairment, the Commissioner proceeds to evaluate claimant's case under Step Three.  20 C.F.R. § 404.1520(c).

<u>Step Three</u>.  Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the impairments listed in the SSA regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1.  A claimant who has such an impairment is disabled.  If the claimant's impairment does not meet or equal one listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four.  20 C.F.R. § 404.1520(d).

<u>Step Four</u>.  The Commissioner determines whether the claimant is able to perform work he or she has done in the

past.  A claimant who can perform past relevant work is not disabled.  If the claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of the claimant's case proceeds under Step Five.  20 C.F.R. § 404.1520(e).

Step Five.  The Commissioner determines whether the claimant is able to do any other work.  A claimant who cannot perform other work is disabled.  If the Commissioner finds that the claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that the claimant can do.  The Commissioner may satisfy this burden through the testimony of a vocational expert (VE) or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2.  If the Commissioner demonstrates that a significant number of jobs exist in the national economy that the claimant can do, the claimant is not disabled.  If the Commissioner does not meet this burden, the claimant is disabled.  20 C.F.R. § 404.1520(f)(1).

At Steps One through Four, the burden of proof is on the claimant.  Tackett, 180 F.3d at 1098.  At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy.  Id.

FINDINGS AND RECOMMENDATION - 7

## ALJ's Decision

In the first two steps of the disability analysis, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability, and that plaintiff's foot pain, depression, and anxiety were severe impairments that did not meet or equal the requirements of a listed impairment.

In the third step, the ALJ found that plaintiff could sit, stand, and walk 6 hours in an 8-hour day; could lift and carry 20 pounds occasionally and could lift and carry 10 pounds frequently; could occasionally balance; needed to avoid frequent exposure to noise, humidity, and temperature extremes, and needed to avoid occasional exposure to dust, fumes, and smoke; had poor ability to relate to co-workers and to deal with the public; and had a fair ability to maintain attention and concentration.

In the fourth step, the ALJ found that plaintiff was not disabled because she could perform her past relevant work as a data entry clerk. Based upon this finding, the ALJ did not reach the fifth step.

## Standard of Review

A claimant is disabled if he or she is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has

lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The initial burden of proof rests upon the claimant to establish his or her disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

## Discussion

Plaintiff contends that the ALJ erred in her evaluation of the medical evidence concerning plaintiff's lifting capacity and plaintiff's ability to use her right hand. Plaintiff contends that, though plaintiff's right hand was impaired at the time she performed data entry work between 1989 and 1991, "[h]er age significantly impacted the impairment to her right hand," and that she should now be found disabled under the "grids," based upon her lifting limitation and hand impairment.

Turning first to plaintiff's lifting capability, I note that the ALJ stated that she gave Dr. Oelke's opinion controlling weight, but nevertheless found that plaintiff's lifting capacity exceeded that assessed by that medical source. Dr. Oelke stated that plaintiff could lift and/or carry a maximum of 10 pounds occasionally, while the ALJ found that plaintiff could occasionally lift or carry 20 pounds, and could frequently lift or carry 10 pounds. This disparity is potentially important, if plaintiff cannot in fact perform her past date entry work, because the capacity that Dr. Oelke noted is consistent with the ability to perform only "sedentary" work, while the capacity found by the ALJ is consistent with the ability to perform "light" work.

The Commissioner appears to concede that the ALJ erred in evaluating the medical evidence concerning plaintiff's lifting

FINDINGS AND RECOMMENDATION - 10

capacity, but asserts that any error was harmless because plaintiff could perform her past relevant data entry work, which, as sedentary level work, requires only the capacity to occasionally lift up to 10 pounds. I disagree. Because the ALJ did not make findings concerning the impairment to plaintiff's right hand, and apparently did not consider that impairment, I cannot determine from the record whether any error in assessing plaintiff's lifting capacity was harmless: Without an assessment of the effect of the impairment of plaintiff's hand, it is not possible to determine how any limitation imposed by the hand injury would combine with limitations in lifting capacity. See C.F.R. § 404.1523 (agency must consider combined effects of all of claimant's impairments).

As noted in the brief review of the medical record above, Dr. Oelke, plaintiff's treating physician, reported that plaintiff had a right hand injury, and opined that plaintiff could perform gross and fine manipulation, and feel. Dr. Bufton, an examining doctor, reported more significant problems with plaintiff's right hand. Dr. Bufton stated that plaintiff could not abduct or extend her right thumb, noted that plaintiff's fine finger movements on the right hand were impaired, and concluded that plaintiff had decreased use of her right hand because of an "obvious deformity limiting fine finger coordination." A non-examining doctor concluded that

FINDINGS AND RECOMMENDATION - 11

plaintiff would have limitations in gross and fine manipulation with her right hand.

Despite the doctors' consensus that plaintiff had an injury to her right hand, and ample evidence that this injury resulted in some impairment, the ALJ did not mention this injury in the hypothetical posed to the VE, and did not include an assessment of the injury in the analysis of plaintiff's residual functional capacity.  Given that a hypothetical posed to a VE must set out all of a claimant's impairments, the ALJ clearly erred in failing to include any reference to the effects of the hand injury in the assessment of plaintiff's residual functional capacity and in the hypothetical.  See, e.g., Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984) (to be accurate, ALJ's hypothetical to VE must set out all of claimant's impairments); Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999) (ALJ's depiction of claimant's limitations must be accurate, detailed, and supported by medical record).

I disagree with the Commissioner's contention that, because plaintiff performed data entry work after she injured her right hand, the ALJ's failure to evaluate the impairment to plaintiff's hand was harmless error.  First, in reviewing the denial of an application for benefits, this court cannot rely on analysis not made by the ALJ.  See, e.g., Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001).  Second,

plaintiff last performed data entry work in 1991, approximately ten years before she applied for benefits based upon her alleged disability.  The ALJ did not address the effects that aging may have had on the impairment to plaintiff's right hand, or on plaintiff's continued ability to perform data entry work despite that impairment.  In addition, from the record before the ALJ, it is not entirely clear whether plaintiff's right hand was injured again sometime after it was burned, and whether that subsequent injury may have occurred after plaintiff worked as a data entry clerk: As noted above, Dr. Bufton stated that some of the deformities to plaintiff's right hand were "due to abusive trauma rather than burn."

Plaintiff contends that this action should be remanded for an immediate payment of benefits.  She asserts that the medical record demonstrates that she is limited in her ability to perform fine and gross manipulations with her right hand, and the past relevant work as a data entry clerk which the ALJ determined she could perform "requires constant fingering and frequent handling."  Plaintiff's Opening Memorandum at 5 (citing Dictionary of Occupational Titles, U.S. Dept. of Labor, DOT no. 203.582-054 (4th ed. 1991)).  Plaintiff contends that, given her right hand and lifting limitations, age, and absence of transferable skills,  she must be found to be

disabled under the "grids," 20 C.F.R. Pt. 404, Subpt. P, App. 2, 201.00(g).

I disagree. Though the ALJ did not directly address the severity of the impairment of plaintiff's right hand or the effect of that impairment on plaintiff's ability to work as a data entry clerk, these issues are, in the first instance, matters for the ALJ, not this court. In addition, no findings were made as to whether plaintiff has transferable skills, or whether, if plaintiff could not perform her past data entry work, she could perform other jobs that exist in substantial numbers in the national economy. If necessary in order to make this determination, the issue of plaintiff's lifting capacity should be revisited as well.

Under these circumstances, I conclude that the action should be remanded for further consideration of the severity of the impairment to plaintiff's right hand, and as to whether plaintiff retains the dexterity with that hand that would allow her to perform her past relevant work as a data entry clerk. If necessary, findings should be made as to whether plaintiff's hand was injured after she stopped working as a data entry clerk, and as to the effects of aging on the impairment resulting from any injuries suffered to the hand, either before or after plaintiff worked as a data entry clerk. If it is determined that plaintiff cannot perform her past relevant work, a determination should be made as to whether

plaintiff is disabled according to the "grids," or whether plaintiff can perform other work that exists in the national economy.

## Conclusion

This action should be REMANDED to the Agency for further consideration to address the issues concerning the impairment to plaintiff's right hand noted in the concluding paragraph above. Depending on the outcome of that inquiry, other issues concerning plaintiff's residual functional capacity and ability to perform past relevant work or other work that exists in substantial numbers in the national economy may need to be addressed as well.

A Judgment should be entered remanding this action for further consideration.

## Scheduling Order

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due January 12, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection. If objections are filed, review of the Findings and

Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 27th day of December, 2005.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge